Good morning to everybody. We are prepared to hear arguments this morning in two cases, and the first case is LeBlanc v. Holder. Ms. Lewis, glad to hear from you. Good morning, I'm Stephanie Lewis, representing petitioners, Mr. You're going to have to pull that microphone right down to you, I think, so we can, we want to hear what you're saying. All right, thank you. Can you hear me now? We can. Good morning anyway, I represent petitioners, Mr. Austin LeBlanc and his son, Robert LeBlanc. Life can be messy sometimes, and unfortunately, this case is probably the messiest one I've ever encountered. Nevertheless, in trying to puzzle it out, I've gained a great respect for the design of the immigration law. The way it is able to balance efficiency, expeditious removal of unlawful aliens, protection of aliens' due process rights, and our societal value of the family. Take the I-130 alien relative petition like we have here. The petition is filed by the US family member, but the petition is all about the alien beneficiary. A determination of that petition is whether or not the alien relative has an opportunity to stay in the United States and Now, deportable is a word of art. It doesn't mean that there's no relief available to that client. It simply means that vis-a-vis that petition, that alien is deportable. We're a court of limited jurisdiction. How do we have jurisdiction over this case at this point? How do we have jurisdiction? You have jurisdiction over the case because of the system that has been designed and basic and key to that. This court's particular jurisdiction in that efficient design is the definition that Congress gave to a final order of deportation. And that final order of deportation is an integral part of this efficient manner of balancing the system. And if you look- Is there a final order of removal in this case? There is a final order of removal. Now, a final order of removal by this court's earlier decision, a order of removal is the more modern way of the definition of a final order of deportation. Well, let's stay for a moment with the statute. Is there a final order of removal for purposes of 8 U.S.C. 1252 A1, which I think may have been Judge Shedd's question? Yes, there is. It is the order that was rendered when the I-130 petition was determined by the U.S.C.I.S. That determination was- Is there an order in the record that says Mr. LeBlanc has to depart the United States? It is part of the system that says yes, because it's a very- It says that Mr. LeBlanc is required to leave the United States. He's to be removed from the United States. Where is that order? Your Honor, I don't believe that that is required to have a final order of deportation. There is no order by an immigration judge from an immigration court that specifically says that Robert LeBlanc is ordered to be removed. That is not the concept that Congress was bringing about when it defined a final order of deportation. If you look at that language- Any case that finds an order of removal to be present when the individual alien is not ordered to be removed from the United States? Any case? I believe in my reading of these cases, building up to this, that this is the first time that this court has had the opportunity to look at the due process rights of the alien who is the beneficiary of an I-130 petition that the immigration system designed to protect. And that the reason that the definition of a final order of deportation does not mention the immigration judge, it does not mention that a person has to be in removal proceedings, it does not mention that the order has to come from an immigration court. It simply says that a designated person with the responsibility to determine whether a alien, an alien, notice it's not the petitioner or anybody else, it's an alien, is deportable. Now deportable is not the same thing as ordered to be removed or ordered to be deported. It's only a designation that this alien is deportable. Can you help me then with this? What exactly is the relief that petitioners seek? What is it that petitioner wants this court to do? Petitioners want this court to determine its own jurisdiction and look at the facts involved here with an ultimate determination that Robert LeBlanc is not an alien because he is a US citizen by the definition of the Supreme Court. I'm sorry, I'm not sure. You want us to decide the merits. You want us to look at, you want us to determine our own jurisdiction, but only if we decide we have jurisdiction to find the ultimate question of citizenship, which the BIA hasn't decided yet. We're not asking that the court do that. We're saying that this court does have jurisdiction. The question is, the question is, what relief do you want us to give you? Not look, and that's exactly the question that you would just ask. Leave aside all the look at a jurisdiction and all that. Forget all that. What do you want? What would be a win for you in your eyes? Isn't it to declare him a citizen? Don't you want us to declare a petitioner a citizen? Your Honor, the answer is yes, but it is within this court's realm because by definition. We're not arguing that with you now. We're just trying to understand what you want. Now, maybe we'll ask other questions, but you want this court to say the petitioner is a citizen. That's correct, and therefore this court does not have jurisdiction. With that kind of determination, we could go forward. What did you just say? I said that our big impediment is the fact that right now, the final decision. Let me be more specific. Sure. My question was, what relief does the petitioner want? And I thought I understood you to say, and perhaps I just misheard, that you want us to declare that we want us to make a declaration of Robert's citizenship, and therefore we don't have jurisdiction? Yes, in other words, this court, I'm suggesting that this court has prima facie order of deportation before it, and that this court today, and the next question this court has is to determine whether or not Robert is an alien in order to go forward. And by definition from the Supreme Court, an alien is a foreign born person who is not qualified as a US citizen. You've reserved some time. Thank you for your argument. We'll come back to you. Thank you. Okay, thank you very much. Mr. Lewis? Good morning, your honors. May it please the court. I represent Ashton and Robert LeBlanc, father and son. I'm arguing that in your role as a court of appeals, in overseeing the administration of justice, you have the right power and duty to decide this case. But we don't oversee the administration of justice. We review orders that come before us from agencies and district courts. Precisely, your honor. So what I was having a little bit of trouble with was how do, and it wasn't really clear to me from your brief, and perhaps you can help me. I thought at one point it seemed to me that you were asking for a reopening of the I-130. And then at other, in the body of the brief, it seemed as though you were asking for a declaration of citizenship. And it was unclear to me how we could get to that since there has, there is no, there is nothing, there has been no determination prior to this point of citizenship for us to review. No, but there has been a determination that he's an illegitimate son of a US citizen. And what we're saying is that in your power to declare the law, to determine your own jurisdiction, you have the right to make a legal determination here. And that citizenship is not earned by due diligence, it's a fact, a legal fact, a matter of federal law. The question comes from that which Congress grants to us a statute. Yes, your honor. And what I'm still not quite sure of the answer from fire counsel's argument, there does not appear to be an order of removal here in the sense that no one could cite an order of removal from any court ever that would cover this circumstance. If there's no order of removal, what authority do we have to proceed? You have your general authority which is given to you to make a declaratory judgment. When you have a case before you, you have, as your cases have said, the right to determine your own jurisdiction. And I'm arguing that you sit in many ways as a court of equity to look at what happened below. And when you see error below, you can correct it. We always have authority to determine whether or not we have jurisdiction. In essence, jurisdiction to determine jurisdiction. But that doesn't give a subject matter jurisdiction over the case that's brought before us to make any other adjudication other than we can't hear it. Well, I believe your jurisdiction is a little bit broader if you look at 28 U.S.C. 2201, the right to issue a declaratory judgment, where you find people, an actual controversy before you. We do have an actual controversy. But I think you're confusing jurisdiction with what authority then we have to act. I know those terms sort of get mixed up. But to say that we have jurisdiction in any particular case does not then mean that our authority is unbridled. Sometimes we have authority. In fact, this court, I can't think of an instance, maybe in some rare instance, but I can't think of it. But we find facts. We don't find facts. We're not asking you to find facts. Wait, wait, wait. Aren't you asking us to find that he's a citizen? No, we're finding that as a matter of law, not a matter of fact. The facts are all there. The facts have been presented to the U.S.C.I.S., to the BIA, who declined to act on them. Wait just one second. But not in your case in particular. We'll get back to that. But just because we may have jurisdiction doesn't mean that then we can do anything. No, Your Honor. You say that we should determine that we have jurisdiction based on some big general grant of jurisdiction and then to make a declaratory finding in your favor. Isn't that what you're asking for? Not really, Your Honor. Jurisdiction in many cases, non-lawyers... Again, I'm asking you, what do you want us to find for you? What would you have us find? Find that the court below, the BIA and the U.S.C.I.S. made an error of law which you can judicially examine the court, the question of citizenship. And that's what we're asking for. You've reserved some time, Your Honor. Thank you very much. I will say to both counsel for the petitioner that we'll be inquiring of counsel for the government. It might be useful to address the transfer statute when you come up on rebuttal. Ms. Carmichael. May it please the court. Amy Carmichael for the government. There are only two ways that this court has jurisdiction to hear an immigration case. Review of a final order of removal which is pursuant to 8 U.S.C.S. 1252 or on appeal from an action brought in district court. There's no jurisdiction under 8 U.S.C.S. 1252 because there's no final order of removal. The statute clearly defines a final order of removal and it requires an action by an administrative officer or a representative of the attorney general finding the alien to be removable and that's never happened in this case. The denial of an I-130 is not the functional equivalent of a removal order because if put into removal proceedings he could raise citizenship as a defense. We need a finding that he is either here unlawfully or is inadmissible. Then we need a finding that he's not eligible for relief in order for there to be a final order of removal and that simply hasn't happened. As I understand from reading your brief, you've represented that Mr. Robert LeBlanc, in pursuit of his claim of citizenship, could today file an administrative form N-600 and receive an adjudication from the appropriate agency as to whether or not he is a citizen? Yes, that is correct. Okay, and you're making that representation to the court? Yes. Okay. He could file the N-600. It would likely be adjudicated within six months. If it's granted, he'll be a citizen. If it's denied, he would then have a right of action in district court. Is this all about the wrong form being filed? It is, Your Honor. And it's unfortunate... During the process, has that been conveyed to the other side? You filed the wrong form. You filed the wrong form. Have you... Has that been conveyed? Well, I conveyed it to opposing counsel. I don't know if it was conveyed earlier in the proceeding. You did it in this case. Yes, and it's obviously in my brief. And there's no border consideration of that N-600? Correct. The finding on the I-130 has no bearing on the adjudication of the N-600. But you say the issue could otherwise be raised if there was a move to deport him or remove him. Right. He could raise his citizenship in defense, and that way he could be adjudicated through the system as well. Exactly. The main ways that you can obtain citizenship in a situation like this is as defense in removal proceedings or by filing the N-600. He also could file an application for a passport. And if that passport application were denied, that would also give a right of action under 1503. Counsel, let me ask you this question. Let's just assume for purposes of argument that there is no order of removal here, and therefore we have no jurisdiction to review the action of the board. What about transfer under the statute? Under 28 U.S.C. Section 1631, transfer is only appropriate to any other court in which the action or appeal could have been brought at the time that it was filed. So here, there's some problems with jurisdiction. You say this couldn't have been brought? The only thing that could have been brought to the district court at the time that this was filed was the review of the untimely motion to reopen. And in fact, there is some question about whether or not the district court would actually have the authority to review that because as an untimely motion to reopen, they would have to overcome the in the APA demonstrating that there's a legal wrong or that they were adversely affected or aggrieved by that order. And the problem is it's hard to show that if you could get the relief that you're seeking through another route. Right. And that route, I presume, is this form N-600? Yes. The other problem is... Or through the... Or as a defense. Right. The other problem is that even if the district court were to undertake review of the untimely motion to reopen, the most that the petitioners could get out of that is additional review on the I-130. And that's not really what they're after. So there wouldn't be any authority to adjudicate the merits that the petitioners want? No. The statute specifically contemplates agency action prior to proceedings in district court. To bring an action under 28 U.S.C. 1331, there has to have been agency action under the APA in order to have sovereign immunity waived. And under 1503, 1503 specifically contemplates that there's an agency action of some sort denying a right based on the fact that they're not a citizen. Is it my understanding? So then you say that we don't... You don't think we have authority to transfer in this case? I think that you would have limited authority to transfer for the question of the untimely motion to reopen, but that it would be futile. It doesn't get them citizenship. It doesn't actually even get review over the I-130. The most that it does is an order to the agency to review the I-130. The petitioners have made some argument that... The government doesn't question the authority of a certain court of appeals under the statute to transfer if the circumstances were different. Right. If, for example, they had filed... They had erroneously... If they'd filed the N-600 and it was denied, and then they had erroneously filed here, rather than with district court, the district court would have jurisdiction under 1503A and then transfer would be appropriate. But in this case, because there's not really anything for the district court to have jurisdiction over a review, transfer is inappropriate. The petitioners have made some... Let me ask one question. Yeah. As I see this case, it's an elderly gentleman who wants to get some declaration for his son. Isn't what this case is about? Isn't that what this case is about? Yes. At bottom? Yeah. And it's my understanding that the form N-600, if it's filed, that the government usually deals with that in a matter of five or six months. Is that correct? Yes. And you have no reason to think that the government would slow down consideration of an N-600 in this case, do you? No. I specifically reached out to DHS and they said to me that it would almost certainly be adjudicated within six months. Okay. I thank you very much. We don't have any further questions. You've all got all this in your brief, haven't you? Yes. We understand that. We thank you very much. The only thing not addressed in my brief is that 28 U.S.C. 2201, which I'd just like to point out, is not a jurisdictional provision. So it doesn't extend this Court's authority. And after that, thank you. Thank you very much. Ms. Lewis? Government seems to have laid out a pretty simple and clear road map for your client to get the relief, or at least the determination of relief, that he wants. You understand that we realized, we got into this case at the first document we received with the decision by the BIA that our client was not the son of, and this, of his father. And this was a final decision of the BIA. We considered the 601 at that time. And we also have cases before the CIS and AAO that are one, two, three years waiting. I love the idea that if we could get a guarantee that we would have a decision in six months, we would have done it long ago. But it didn't appear that way to us. Even appealing to the District Court. Excuse me. Yes. Please let us finish our questions. It would seem like that had the form N-600 been filed about the time that you filed your brief, according to the government, you'd have an answer by now. We have filed other documents prior to that that are still pending. They're not N-600, but they are petitions and applications to the USCIS. It takes, the board says that they will adjudicate in five months. Ma'am, ma'am, ma'am, wait a minute. You have to understand how, I know you're excited to represent your client, but when a judge speaks, you have to stop speaking. And the judge will tell you what he or she's interested in, and you respond to that. Once they start, you just have to stop speaking so we can hear what's going on. Thank you. I was just going to offer the observation that in representing the best interest of your client, I think that you would want to pursue all the avenues that are ethically possible and available. And so, the filing of that N-600 would seem to be something that, not even knowing what you're going to receive from this court in adjudication of this case, you might want to think about doing now. You don't have to respond to that. Of course, we did think of that. And we thought very thoroughly of it, of the requirement that we would not have exhausted the administrative procedures of going back to the USCIS district director before we're allowed to go to the AAL and we have to go to the AAL before we can go to the district court. We recognize that. We also know that our client Let me ask this. If you don't win this appeal, would you then, what would you plan to try to go to the Supreme Court or file an N-600 form? We hear your legal arguments, but if you don't win on them, do you still have consideration for filing that N-600 form? Your Honor, we still, but it might be five years again before. So, we made the judgment that with the limited resource No, but I just asked you. So, you aren't going to consider filing that N-600. As I understand it, the government's telling you to file it. The government stood right there just a minute ago and told you and told us they had told you to file it. Now, I understand what you just said. There's some question about exhaustion of administrative remedies and all. But if you don't win this appeal, that filing that N-600 is still an option for you, isn't it? It's always an option and we bring that to the attention of our clients. I would like to say, though, that in this case, what we were most concerned about was no matter what we filed, if there was a final order of decision by the immigration, I mean, we're talking about the final decision by the Department of Justice that he is not the son of the Austin, then we are going to fight the battle all the way up. And we have been there with many cases. But it does seem there's a fair amount of evidence in this record establishing Ashton's parentage, is there not? Well, but the forum for that does seem to be fairly clearly laid out as the N-600 application process. Yes, provided we don't have a decision against us that he's not his son. But that's the point of, isn't, but that would be, that prejudges, that's a, you're saying because you might not like the outcome of the N-600 application process, what, that that gives us jurisdiction? No, your decision comes from the definition of a final order of deportation. And with that promethacea order of deportation. I'll let you finish up quickly. Tamara, you can finish up quickly. Yes. Because we've presented a promethacea order, final order of deportation, based on the congressional definition of a final order of deportation, we request that this court use its jurisdiction to determine that you do not have jurisdiction because Mr. Robert LeBlanc is a U.S. citizen and there has never been any issue over. Thank you very much. Mr. Lewis, you've received three minutes. Mr. Lewis? Your Honors, we do view that the final action of the BIA in denying his, the legitimate of this, the legitimation of this. I know how you view it, but if you lose all that, are you going to file an incident? Of course we will, your Honor. Of course we will. And, but the point being is that you have before you, error below, you have a BIA that made an erroneous decision as a matter of law. And we're asking you as a matter of law, in reviewing the record, to find that there was a showing that should have been decided by the USCIS, the BIA, that should have been And it is specifically not your request that we transfer? No. If you need to transfer for the determination of Nigerian law, which is, and the determination that there was ineffective assistance of counsel, we have that. We have ineffective assistance of counsel. We have the BIA that may not even have delivered its decision. There is no evidence in the record, and we see on page 154, the BIA had an envelope which didn't even have an address on it in delivering its decision to Mr. Snyder. Mr. Snyder asked repeatedly for the opportunity to brief the issue before the BIA. The BIA never gave him that opportunity. I'm sorry. I'm sorry. I did. I thought you were taking the position in your brief that you didn't request a transfer because you believed a transfer to be unnecessary. It is unnecessary, but if you. I think, okay, thank you. Yeah, yeah, but if you were to, there's plenty for them to do what you could do legally. I'd just like to quote, finish with a quote from the case of Dred Scott versus John Sanford, page 424. I'm not offering it as a precedent, but simply for its overall wording and judicial concept. The circuit court is a court of equity, certainly had equity jurisdiction over its own judgment as a court of law without regard to the character of the parties, and had not only the right, but it was its duty, no matter who were the parties in judgment. Here, this case may be decided on jurisdictional gowns and turned on the question of whether a man was a citizen. That's what we're asking. We think you can decide this case on that same question. Thank you. Thank you. Thank you very much. I will step down and agree counsel and go directly to the next argument.
judges: Dennis W. Shedd, Allyson K. Duncan, G. Steven Agee